Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3255 | **DATE** | 10/8/2003 |
| **CASE TITLE** | LA FRANCES ROSS vs. JO ANNE B. BARNHART | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for summary judgment [14-1] is granted in part. This case is remanded to the Social Security Administration for further proceedings consistent with this opinion. Plaintiff's motions to supplement the record and remand to Social Security Administration [16-1] based on additional evidence are moot. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 09 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 26 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 OCT -8 PM 4:59 | 10/8/2003 date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LA FRANCES ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 3255 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
OCT 0 9 2003

## MEMORANDUM OPINION AND ORDER

LaFrances Ross ("Ross") seeks judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying social security disability benefits and supplemental security income pursuant to Title II of the Social Security Act ("the Act"), 42 U.S.C. § 405(g). Ross moves for summary judgment pursuant to Fed. R. Civ. P. 56. Alternatively, Ross moves for remand based on additional evidence presented to the Appeals Council.

## PROCEDURAL BACKGROUND

Ross filed an application for disability insurance benefits and supplemental security income on December 4, 2000, alleging disability since September 1, 2000. The Commissioner denied her claim and Ross timely requested a hearing before an Administrative Law Judge ("ALJ"). On June 3, 2002, the ALJ held a hearing. Ross and vocational expert Michelle Peters testified. The ALJ found Ross not disabled and denied her application. The Appeals Council declined to review the case, rendering the ALJ's decision final. 20 C.F.R. § 404.955. Ross now seeks judicial review.

## STATEMENT OF FACTS

At the time of the hearing, Ross was 47 years old. She completed 10th grade and cosmetology school. Ross suffers from hypertension, diabetes, carpal tunnel syndrome and peripheral vascular disease. From 1986 until October 2000, Ross worked as a hairdresser. In March 2001, Ross began working part-time for a friend as a salon manager. Ross works approximately 4 hours a day, 5 days a week. As a salon manager, Ross answers the telephone, makes appointments, takes messages, orders supplies and collects rent from other hairdressers working in the salon.

The ALJ determined that Ross has the residual functional capacity to perform a limited range of light work. R. 22. In reaching his decision, the ALJ rejected the opinion of the state agency physician who reviewed Ross' medical records. R. 20. According to the state agency physician, Ross has the capacity to perform a limited range of medium work without any manipulative restrictions. R. 20, *citing* Ex. 4F.

Vocational expert Michelle Peters testified about Ross' ability to work with the limitations imposed by her impairments. R. 322-26. Peters determined a hypothetical worker of Ross' age, education and work history with the limitations identified by the ALJ could perform a number of unskilled jobs, including telemarketer, information clerk and security monitor. R. 323-24.

## DISCUSSION

### I. Standard of Review

Judicial review of the Commissioner's final decision is limited. The role of the reviewing court is to determine whether substantial evidence in the record as a whole supports the Commissioner's decision to deny benefits. *Wolfe v. Shalala*, 997 F.2d 321, 322 (7th Cir. 1993). "The findings of the Secretary, as to any fact, if supported by substantial evidence, shall be

conclusive." 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court must affirm the Commissioner's decision if the decision is reasonably drawn from the record and is supported by substantial evidence, even if some evidence may also support the claimant's position. 42 U.S.C. § 405(g). "Because the Commissioner is responsible for weighing the evidence, resolving conflicts and making independent findings of fact, this Court may not decide the facts anew, re-weigh the evidence or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled." *Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000)(internal citations omitted). The substantive standards for supplemental security income are the same as those for disability benefits. *Donahue v. Barnhart*, 279 F.3d 441, 443 (7th Cir. 2002).

## II. Disability Under the Social Security Act

To qualify for disability benefits under the Act, a claimant must be disabled within the meaning of the statute. The Act defines a disabled person as one who is unable to engage in any substantial gainful activity by reason of medically determinable physical or mental impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). To meet this definition, a claimant must have a severe impairment that renders her unable to perform her "previous work or any substantial gainful activity which exists in the national economy." 20 C.F.R. § 404.1505. A physical or mental impairment is "an impairment that results from anatomical, physiological abnormalities which are demonstrable by medically acceptable clinical laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

3

The Act requires the factfinder to follow a five-step process to determine whether a claimant is disabled: (1) whether the claimant is currently employed; (2) whether she has a severe impairment; (3) whether her impairment meets or equals one listed by the Commissioner; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000). Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment (step three). If a claimant satisfies steps one and two but not step three, the claimant must establish step four. If step four is satisfied, the burden shifts to the Commissioner to satisfy step five. *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

### III. The ALJ's Decision

Ross argues the ALJ's finding regarding her residual functional capacity is not supported by substantial evidence. Residual functional capacity is a measure of what an individual can do despite limitations imposed by her impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ found that Ross:

> has the residual functional capacity to perform the requirements of work except for: sitting, and standing and/or walking for more than six hours in an eight hour workday; lifting and/or carrying, or pushing and/or pulling more than 10 pounds; more than occasional fine manipulation; and performing repetitive grasping/gross manipulation. In addition, the claimant must be permitted the option between sitting and standing at will.

R. 22. According to the ALJ, "the objective medical evidence does not provide a basis for finding limitations greater than those determined in this decision." R. 20. Specifically, the ALJ rejected the state agency physician's assessment of Ross' residual functional capacity based on medical evidence submitted at the hearing. R. 20 ("additional evidence received subsequent to [the state agency

4

physician's] review (Exhibits 5F through 8F), supports the finding that the claimant can perform no more than a limited range of light work, with manipulative limitations").

The ALJ cannot substitute his judgment for that of a doctor by independently evaluating the medical evidence. *See Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)("ALJs must not succumb to the temptation to play doctor and make their own independent medical findings"). Rather, the ALJ is required to summon an expert to evaluate and interpret the evidence. *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000). *See also Bauzo v. Bowen*, 803 F.2d 917, 926 (7th Cir. 1986)("Neither the Appeals Council nor this court is qualified to make [a] medical judgment about residual functional capacity based solely on bare medical findings"). In any event, the ALJ fails to indicate what evidence in the medical records led him to his conclusion. *See Clifford*, 227 F.3d at 872 ("ALJ must build an accurate and logical bridge from the evidence to his conclusions"). Based on this record, remand is appropriate. *See Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)(remand appropriate where additional factual findings are necessary to determine benefits eligibility). On remand, the ALJ must consider the effect, if any, of Ross' additional evidence on his assessment of her residual functional capacity. *Id.* at 745.

## CONCLUSION

The ALJ's residual functional capacity finding is not supported by substantial evidence. Therefore, this case is remanded to the Social Security Administration for further proceedings consistent with this opinion.

October 8, 2003

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

5